UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL DAVILA, and<br>DEBORAH CUMMINGS,<br><br>Defendants. | NOS. CR-03-021-RHW<br>       CR-03-022-RHW<br><br>**ORDER RE: MAY 11, 2005**<br>**PRETRIAL HEARING** |

A pretrial hearing was held in this matter on May 11, 2005, in Spokane, Washington. Defendant Davila was present and represented by Mark Vovos; Defendant Cummings was present and represented by Christian Phelps and Jennifer Fassbender. The Government was represented by Earl Hicks and Mary Claire Rourke. Before the Court are a number of motions. This order memorializes the Court's oral rulings.

**I.    Defendant Davila's Motion Pursuant to Rules of Professional Conduct 3.7**

Defendant Davila asserts that Earl Hicks, who is one of the prosecuting Assistant United States Attorneys in this case, is a factual witness regarding the circumstances that lead to Agent McEuen writing a report in 2002. Apparently, at some point in preparing this case for prosecution, Mr. Hicks instructed Agent McEuen to write a supplemental report regarding the statements made by Defendant Davila in 2000.[1]

In determining the credibility of the statements made by Defendant Davila, it is important for the jury to hear what was said at the meeting between Agent McEuen and

---

[1] In the April 25, 2002, 302 Report, Agent McEuen stated that he wrote the 302 Report "in preparation for testimony."

**ORDER RE: MAY 11, 2005 PRETRIAL HEARING ~ 1**

Mr. Hicks. This information can be obtained through the testimony of Agent McEuen, and it will not be necessary for Mr. Hicks to take the stand, unless the agents are unable to recall specific facts that can be testified to only by Mr. Hicks. In order to make this determination prior to trial, Agent McEuen is directed to file an affidavit regarding the meeting in which the writing of the 2002 302 report was discussed. Mr. Hicks and Ms. Rourke are to review his affidavit and each file an affidavit indicating that Agent McEuen's recollection of the meeting is complete, or, if it is not, supplement Agent McEuen's recollection of the meeting with additional details that they can recall.

## II. Defendant Cummings's Motion Joining Co-Defendant's Motion to Pursuant to Rules of Professional Conduct 3.7, with Supplemental Information

Defendant Cummings asserts that Mr. Hicks is a factual witness as to her demeanor, her apparent mental/emotional state, and to her alleged admissions and denials during an interview of Ms. Cummings in Mr. Hicks's office in August, 2000. If the Government intends to use Defendant Cummings's August 2000 statement, the context of the statements, including the questioner's perception of the mental capacity of Defendant Cummings, is relevant to the credibility of the statement.

Mr. Hicks is directed to submit an affidavit setting forth the reasons for asking the question concerning Defendant Cummings's mental capacity or use of drugs. If Mr. Hicks had concerns regarding Defendant Cummings's mental capacity, then his perceptions would be relevant to the credibility, and he would be a factual witness. If Mr. Hicks's questions were merely investigative or intended to solicit background information, then Agent McEuen, who was present at the hearing, can testify as to the circumstances of Defendant Cummings giving her statement.

## III. The Government's Motion in Limine to Exclude Results of Defendant Cummings Polygraph Examination

The Government asks to exclude testimony at trial that Defendant Cummings failed a polygraph examination. Defendants have not filed any objection to the motion;

**ORDER RE: MAY 11, 2005 PRETRIAL HEARING ~ 2**

nor has the Court conducted a *Daubert* hearing on the matter. Thus, the Court will grant the Government's motion.

## IV. The Government's Motion for Reconsideration re Order on Motion in Limine

On April 22, 2005, the Court entered an order denying the Government's motion in limine. The Government sought to have evidence and testimony regarding Defendant Davila's polygraph examination excluded. After conducting a *Daubert* hearing, the Court ruled that the circumstances of taking Defendant Davila's 2000 statements, including the fact that he was told he passed the polygraph examination, was relevant to his state of mind at the time he made the statements. The Government asserts that Defendant Davila must testify as to his state of mind at the time he made the statements before testimony regarding the polygraph examination can be admitted at trial. The Court disagrees. The circumstances surrounding the making of Defendant Davila's statement is subject to legitimate inquiry regardless of whether Defendant Davila takes the stand.

The Court also determined that testimony regarding the polygraph examination would be admitted for substantive purposes, except that testimony regarding Question 5R would be excluded. Because Question 5R will be admitted for state of mind purposes, but not for substantive purposes, the Court will need to give the jury a limiting instruction regarding the use of Question 5R. The Government is directed to file a proposed jury instruction for the Court to instruct the jury regarding the limited use of Question 5R.

## V. Defendant's Motion to Reconsider Court's Ruling RE: SCIFs

Defendant asks the Court to reconsider its ruling regarding the nomenclature that the parties are required to use at trial regarding the SCIFs that are located at Fort Lewis, Washington. Defendant asserts that by being limited to referring the SCIFs by number, he cannot distinguish for the jury that each SCIF may have different missions and different documents. In its previous order, the Court did not limit the Defendant's

**ORDER RE: MAY 11, 2005 PRETRIAL HEARING ~ 3**

ability to ask questions that would distinguish the two facilities regarding their general functions. Defendant is not raising any new issues that have not already been addressed by the Court.

**VI. Defendant Davila's Renewed Motion to Allow the Defense to Contact Government Witnesses**

Defendant filed his Renewed Motion to Allow the Defense to Contact Government Witnesses on the morning of the pretrial hearing. Because the Court was in trial, it was unable to review his pending motion. The Court directed Mr. Vovos, Defendant's counsel, to write a letter to the Court outlining his need to contact particular witnesses. Upon reviewing Defendant's motion and the letter, the Court finds that it is incumbent upon the Government to assist Defendant in locating these individuals. The Government should provided whatever information it can obtain from the agency that hired the individual, or from the agency from which the person retired. Specifically, the Government shall provide to Defendant any forwarding information and last-known addresses, for the following individuals known to the agency for which they worked, or known to the Department of Justice: Richard McManus; Sergeant Deleon, Glenn Packard, Michael Maroney, William Johnson, and Stephen White III.

Defendant also requested information concerning John Dalton. At the hearing, the Government represented that Defendant was permitted to use the sworn statement of John Dalton in lieu of testimony. Thus, it is unnecessary for the Government to provide the forwarding information and last-known address of Mr. Dalton, and Defendant's request to depose Mr. Dalton is moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Davila's Motion Pursuant to Rules of Professional Conduct 3.7 (CR-03-21-RHW [Ct. Rec. 257]) is **DENIED**, with leave to renew.

2. Defendant Cummings's Motion Joining Co-Defendant's Motion [] Pursuant to Rules of Professional Conduct 3.7, with Supplemental Information (CR-03-22-RHW [Ct. Rec. 206]) is **GRANTED**.

**ORDER RE: MAY 11, 2005 PRETRIAL HEARING ~ 4**

3. The Government's Motion in Limine to Exclude Results of Defendant Cummings Polygraph Examination (CR-03-21-RHW [Ct. Rec. 260]); (CR-03-22-RHW [Ct. Rec. 198]) is **GRANTED**.

4. The Government's Motion for Order Directing United States Attorneys Office to Assist in Serving Defense Subpoenas on Military Personnel (CR-03-21-RHW [Ct. Rec. 264]); (CR-03-22-RHW [Ct. Rec. 202]) is **DENIED**, **as moot**.

5. The Government's Motion for Clarification and Further Limitation Regarding Court's Order of Admissibility of Polygraph Evidence (CR-03-21-RHW [Ct. Rec. 261]; (CR-03-22-RHW [Ct. Rec. 199]) is **DENIED**. On or before May 20, 2005, the Government is directed to file a proposed jury instruction regarding the limited use of Question 5R of Defendant's polygraph examination.

6. On or before May 13, 2005, Agent McEuen is directed to file an affidavit regarding the circumstances that led to the writing of the April 25, 2002, 302 report. On or before May 16, 2005, Mr. Hicks and Ms. Rourke are directed to file an affidavit indicating whether Agent McEuen's recollection is complete, or, if it is not, supplementing Agent McEuen's recollection of the meeting.

7. On or before May 13, 2005, Mr. Hicks is directed to file an affidavit setting forth the reasons for asking the question concerning Defendant Cummings's mental capacity or use of drugs.

8. Defendant Davila's Renewed Motion to Allow the Defense to Contact Government Witnesses (CR-03-21-RHW [Ct. Rec. 268]) is **GRANTED**.

///
///
///
///
//
///

**ORDER RE: MAY 11, 2005 PRETRIAL HEARING ~ 5**

1   **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter
2   this order and to furnish copies to counsel.
3   **DATED** this 13th day of May, 2005.

                         s/ ROBERT H. WHALEY
                         United States District Judge

Q:\CRIMINAL\2003\Davila\512.ord.wpd

**ORDER RE: MAY 11, 2005 PRETRIAL HEARING** ~ 6